THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI CENTRAL DIVISION

| | |
|---|---|
| SAFE AUTO INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 2:15-cv-04224 |
| ) | |
| JAMES MUELLER, ) | |
| ) | |
| and ) | |
| ) | |
| BRYAN ESCABUSA, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS MUELLER AND ESCABUSA'S JOINT
### MOTION TO DISMISS PLAINTIFF SAFE AUTO INSURANCE
### COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT

Come now Defendants, James Mueller and Bryan Escabusa, and hereby move the Court to dismiss Safe Auto Insurance Company's Complaint for Declaratory Judgment in this Court. The coverage issue asserted by Plaintiff – whether Safe Auto has paid all it owes under Escabusa's auto policy – does not address any matters of Federal law and can be more appropriately adjudicated in the currently pending state court action involving the same parties, the same insurance policy and the exact same coverage issue in the Circuit Court of Johnson County, Missouri. In support of their motion, these Defendants state as follows:

### INTRODUCTION

1. On May 22, 2012, James Mueller was operating a 2001 Volkswagon westbound on Missouri Highway 50 in Tipton, Missouri. Bryan Escabusa was carelessly and negligently operating a 1996 Mercury Sable southbound on Independence Street of the same town when he failed to obey the stop sign at that intersection and proceeded into the path of the vehicle James

Mueller was operating. The result was a violent collision which caused Mueller numerous injuries, the greatest of which was as a severely broken femur requiring internal fixation. Mueller's leg was never the same. His gate was altered, causing a limp, and he has lost sensation and feeling on the outer thigh due to related nerve damage. The accident vehicle driven by Escabusa was insured by Safe Auto. Columbia Mutual insured a second auto under Defendant Escabusa's parents' names and Escabusa contends he is also insured under that policy for Mueller's final judgment against him. (See policies attached to Mueller's Equitable Garnishment Petition attached as Plaintiff's Exhibit A.)

2. When Safe Auto and Columbia Mutual did not settle with James Mueller and agree to a Mo. Rev. Stat. §537.065 Contract to Limit Recovery, he filed a civil suit on October 21, 2013, in the Circuit Court of Moniteau County, Missouri, under Case No. 13MT-CC00040.

3. On October 5, 2015, after two years of extensive discovery, the Circuit Court of Moniteau County, Missouri, after hearing evidence, entered a money judgment in favor James Mueller, and against Escabusa, for $1,250,000. On November 3, 2015, the court signed an Amended Judgment and corrected the prejudgment interest award to $77,283.99 for a total judgment of $1,327,283.90. (See Plaintiff's Exhibit A.) This judgment has not been fully paid or satisfied by Safe Auto, Columbia Mutual or Defendant, Bryan Escabusa. Specifically, Safe Auto and Columbia Mutual have not paid all of the Additional or Supplementary Payments for prejudgment interest, post judgment interest, and all of the court costs due and owing on Plaintiff's final judgment. Safe Auto and Columbia Mutual have not paid Plaintiff all that is covered by the Safe Auto and Columbia Mutual auto policies at issue. Columbia Mutual has not paid the liability coverage or the Supplementary Payments for the interest and costs awarded Plaintiff and have denied coverage to Defendant Escabusa.

4. Pursuant to Missouri Revised Statute §379.200, Plaintiff Mueller, as a judgment creditor, then filed his Amended Petition for Equitable Garnishment in the Circuit Court of Johnson County, Missouri on December 23, 2015. (See Plaintiff's Exhibit A.) He requested the Circuit Court of Johnson County, Missouri to enter a money judgment directly against Defendants Safe Auto and Columbia Mutual and to order Safe Auto and Columbia Mutual to pay to Plaintiff, in partial satisfaction of said judgment against Bryan Escabusa, all insurance coverages and benefits owed under the Safe Auto and Columbia Mutual auto policies, including the prejudgment interest and the post judgment interest accrued on said judgment and the total court costs assessed, including deposition costs, in the underlying proceeding, and all other coverages owed and/or due under the Safe Auto and Columbia Mutual insurance policies.

5. Any questions as to the duties and obligations of Safe Auto under its policy at issue will be fully and adequately decided in this state court garnishment action. This renders Safe Auto's parallel Federal Declaratory Action duplicitous and redundant and the abstention doctrine requires that it be dismissed in favor of the identical parallel state court action seeking a declaration of this same coverage issue.

**I.     SAFE AUTO'S COMPLAINT FOR DECLARATORY JUDGMENT SHOULD BE DISMISSED IN FAVOR OF THE PENDING PARALLEL STATE COURT ACTION IN THE CIRCUIT COURT OF JOHNSON COUNTY, MISSOURI.**

This Court should dismiss Safe Auto's Complaint for Declaratory Judgment because the issue in controversy in this action can be better settled by the parallel state court action involving the same parties currently pending in the Circuit Court of Johnson County, Missouri, and which involve the exact same Safe Auto policy and state insurance law issue.

3

Under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Thus, a federal court is **not** obligated to assume jurisdiction over a declaratory judgment action, but rather has discretion to dismiss such an action. Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995). "[A] district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment....In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Id. Both the Eighth Circuit and the United States Supreme Court have held that it is appropriate for the court to exercise its discretion and dismiss a declaratory judgment action filed in federal court where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Id. at 282. and Capitol Indemnity Corp. v. Haverfield, 218 F.3d 872, 874 (8th Cir. 2000); *See also* HBE Corp. v. Burrus, 2009 WL 3517532, 2 (E.D. Mo. 2009). In fact, the Eighth Circuit has stated that in such circumstances, "…the district court must dismiss the federal action because 'it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory action suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties'". Haverfield, 218 F.3d at 874 (citing Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 495 (1942) and Wilton, 515 U.S. at 282).

When there are no matters of federal law to be decided in either the federal or state case, dismissal of the declaratory judgment action is appropriate. *See* American Family Mutual Ins. Co. v. McAlister et al. 2010 WL 481293 (W.D. Mo. Feb. 5, 2010) and Sentinel Insurance Company v. Haines, 2009 WL 702003 (W.D. Mo. March 13, 2009). This Court, in the

4

McAlister and Sentinel cases dismissed federal declaratory judgment actions in favor of parallel state court proceedings finding that the coverage issue could be effectively presented and adjudicated in the pending state court proceedings where all interested parties were joined.

The present Safe Auto Declaratory Judgment Complaint and Mueller's State Court Equitable Garnishment Petition involve the exact same policy issue and the same parties. Mueller's state court action will decide the duties and obligations under the Safe Auto policy at issue and whether Safe Auto has failed to pay all costs and interest owed under the language of the policy. There is no need to waste judicial resources at the federal level when the state court can properly address all such issues the equitable garnishment action. The issue in each case are exactly the same. Missouri state tribunals have the strongest interest in litigating and deciding such issues. *See* Beach Cove Associates v. U.S. Fire Ins. Co., 903 F. Supp. 959, 962 (D.S.C. 1995). Moreover, allowing each suit to proceed will result in the "wasting of valuable judicial resources," and will cost the parties additional money to litigate in two different courts. *See* Vigilant Insurance Co. v. Behrenhausen, 889 F. Supp. 1130, 1133 (W.D. Mo. 1995). There is also no dispute that the issues in this case are **not** governed by federal law as the interpretation of an insurance contract is specifically governed by state law. Haverfield, 218 F.3d at 875. Both state and federal cases involve the Missouri state law interpretation of the same Safe Auto policy and federal law does not govern this issue. Therefore the Missouri state court is in the best position to resolve the pending issued raised in Safe Auto's Federal Declaratory Action.

Finally, the Court should not allow Plaintiff, Safe Auto, to engage in "forum shopping" by racing to the Federal Court with a declaratory judgment action based on what are arguably affirmative defenses to the claims filed in state court. This is particularly true, where Defendant Mueller had to wait for thirty (30) days after November 3, 2015, for his amended judgment to

5

become final and allow him sot file an equitable garnishment action pursuant to Missouri Revised Statute §379.200. In this Federal action, Safe Auto has no claims for relief or causes of action against any of the Defendants. Defendant Mueller, on the other hand, has actual claims for relief against Safe Auto in regard to the amount of coverage, costs and interest owed and the request for a direct money judgment against Safe Auto for those amounts. By filing the present action in federal court, Plaintiff has forced Defendants to litigate their causes of action in a forum other than the one of their choosing. This is fundamentally unfair. The Eighth Circuit has recognized such unfairness in holding that "where a declaratory plaintiff raises chiefly an affirmative defense, and it appears that granting relief could effectively deny an allegedly injured party its otherwise legitimate choice of the forum and time for suit, no declaratory judgment should issue." *BASF Corp. v. Symington*, 50 F.3d 555, 559 (8th Cir. 1995). **"[T]he Declaratory Judgment Act is not to be used to bring to the federal courts an affirmative defense which can be asserted in a pending state action."** International Ass'n of Entrepreneurs of Am. v. Angoff, 58 F.3d 1266, 1270 (8th Cir. 1995).

For all of the aforementioned reasons, Plaintiff Safe Auto's Complaint for Declaratory Judgment should be dismissed in favor of adjudication in the state court action. *See* Capital Indemnity Corp., 218 F.3d at 875 N. 2; Cincinnati Indemnity Company v. A&K Construction Co., 2008 WL 521093, 2 (W.D. Mo. December 12, 2008).

## II. OTHER COURTS IN THIS DISTRICT HAVE DISMISSED DECLARATORY JUDGMENT ACTIONS FILED BY INSURERS WHEN A PARALLEL STATE COURT PROCEEDING ADDRESSING COVERAGE IS PENDING.

Other courts in this district have previously addressed whether a declaratory judgment action filed by an insurer should be dismissed in favor of a parallel state court proceeding addressing the same issue and have exercised their discretion ruling in favor of dismissal. See

6

American Family Mut. Ins. Co. v. McAlister et al., 2010 WL 481293 (W.D. Mo. 2010) (Hon. Fernando Gaitan, Jr.); Sentinel Ins. Co. v. Haines, et al., 2009 WL 702003 (W.D. Mo. 2009) (Hon. Fernando Gaitan, Jr.), Sentry Ins. Co. v. Haines, 2009 WL 702032 (W.D. Mo. 2009) (Hon. Fernando Gaitan, Jr.)., Colorado Casualty Ins. Co. v. James, 2006 WL 1046917 (W.D. Mo. 2006) (Hon. Scott Wright), American Economy Ins. Co. v. Doty, 2007 WL 1655737 (W.D. Mo. 2007) (Hon. Richard Dorr), Deerbrook Ins. Co. v. Rusher, et al., 2003 WL 21230390 (W.D. Mo. 2003) (Hon. Richard Dorr), American Standard Insurance Company v. Harms, et al., No. 00-1239-CV-W-S (W.D.Mo. 2001) (**Hon. Nanette Laughrey**), Cincinnati Ins. Co. v. R&L Siding Co., Case No. 01-4091-CV-C-5 (W.D. Mo. 2002) (**Hon. Nanette Laughrey**), Cincinnati Indemnity Company v. A&K Construction, 2008 WL S 21093 (W.D. Mo. 2008) (**Hon. Nanette Laughrey**) and Franklin Allen v. Atain Specialty Insurance Co., Case No. 6:13CV-3448-NKL (**Hon. Nanette Laughrey**).  (See all at Plaintiff's Ex. B.)

### III. ALL ISSUES CAN BE PROPERLY ADJUDICATED IN THE STATE COURT ACTION.

This Court has previously stated that in determining whether the district court should exercise its discretion in favor of a parallel state court proceeding, the court should consider a number of factors, including the "scope of the pending state court proceeding and the nature of the defenses open there…consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding…".  Colorado Casualty Ins. Co. v. James, 2006 WL 1046917, 2 (W.D. Mo. 2006) (citing Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 495 (1942)) (where this Court dismissed a federal declaratory judgment action, holding that a pending parallel state court proceeding could more appropriately adjudicate the matter).

7

Mueller's state court garnishment action encompasses the exact same issue as to the same Safe Auto policy as raised by Safe Auto in this court, and also include the same parties. The state court action will move forward to a resolution and declaration of what Safe Auto benefits are owed to Mueller under Missouri state insurance law. This insurance language analysis issue, and what actual coverage, costs and interest are afforded to Escabusa for Mueller's final judgment, are currently before the state court. The state court Petition is broader than the Federal Complaint. If this Court does not dismiss this declaratory action, there is the risk of conflicting decisions. A single action on this issue in the state court avoids the potential for two inconsistent decisions at each level and a waste of judicial time and resources.

Mueller's state court action is certainly broad enough to allow a full adjudication of any and all issues raised herein. Safe Auto can raise the exact same issue in its Answer to the state court action. Because the insurance company's interest can be satisfactorily adjudicated in state court, Safe Auto's declaratory judgment action in this Court should be dismissed in favor of the pending state court action of identical nature. Defendant Mueller's state court action will go forward no matter what the outcome of this action is to determine what coverage is owed on Mueller's final judgment against Escabusa so as to allow a direct money judgment against Safe Auto pursuant to Missouri Revised Statute §379.200.

**IV. FIRST-FILED RULE DOES NOT APPLY UNDER DECLARATORY JUDGEMNT ACTIONS WHEN CONTROVERSY CAN BE BETTER SETTLED BY A PENDING PARALLEL STATE COURT ACTION.**

Defendant Mueller anticipates that Safe Auto may argue that because this federal complaint was filed shortly before the Mueller filed his state court petition for Equitable Garnishment, the federal district court is therefore the proper forum to address the state insurance

coverage issue because that is where it was filed first.[1] Conversely, "the first to file rule however, is not one of absolutes". Koch Engineering Co., Inc. v. Monsanto Co., 621 F.Supp. 1204, 1207 (D.C. Mo. 1985) (dismissing declaratory action if favor of later filed state court action). "(I)n the context of determining whether to exercise jurisdiction under the Declaratory Judgment Act, the Court is less compelled to strictly follow a first filed doctrine." HBE Corp. v. Burrus, 2009 WL 3517532, 4 (E.D.Mo. 2009) (staying declaratory action because of pending and parallel state court action even though declaratory action was filed first); citing Wilton, 515 U.S. at 280; American States Insurance Co, 2008 WL 163588 (E .D. Mo 2008).

The "first-filed rule" is not applied in a "rigid, mechanical, or inflexible" manner, but is applied to best serve the interests of justice. Commercial Union Ins. Companies v. Torbaty, 955 F.Supp. 1162, 1163 (E.D.Mo., 1997) citing Orthmann v. Apple River Campground Inc., 765 F.2d 119, 121 (8th Cir.1985), *quoted in* Northwest Airlines, Inc. v. American Airlines, Inc., 989 F.2d 1002, 1005 (8th Cir.1993). Courts apply the first-filed rule unless the case involves "compelling circumstances." Torbaty at 1163 citing Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F.2d 1169, 1174 (11th Cir.1982), *quoted in* Northwest Airlines, 989 F.2d at 1005.

> When a declaratory judgment action is the first-filed case, the Eighth Circuit has cautioned that the situation raises a "**red flag**" and could reveal compelling circumstances. Northwest Airlines, 989 F.2d at 1007. This is because a declaratory judgment action "**may be more indicative of a preemptive strike than a suit for damages or equitable relief**." *Id.* A court must examine whether the plaintiff acted in "bad faith" or filed suit as a "**race to the courthouse**." *Id.* If

---

[1] Examination of legal precedent among federal courts reveals overwhelming support for the application of the first-filed rule **only** as to concurrent actions between federal courts. *See* Pragmatic Software Corp., v. Antrim Design Systems, Inc., 2003 WL 244804, 4 (D.Minn. 2003). (citing Central States Indus. Supply, Inc. v. McCulllough, 218 F.Supp.2d 1073, 1087 (N.D. Iowa)(collecting cases)). *See also* United States Fidelity and Guaranty Co. v. Petroleo Brasileiro S.A.-Petrobras, 2000 WL 48830, 2 (S.D.N.Y. Jan. 21, 2000) (the first-filed rule is a rule of deference between federal courts, whereas whether a federal court should defer to a concurrent action pending in state court raises an issue of abstention).

9

either of these two circumstances are found, the first-filed rule is not applied and the declaratory judgment action is dismissed. 909 Corp. v. Bolingbrook Police Pension Fund, 741 F.Supp. 1290, 1292-93 (S.D.Tex.1990).

Id. at 1163 (Emphasis added). In Torbaty the court dismissed the declaratory action because the insurer did not give "adequate notice" of its position on the policy claim before bringing its action.

Likewise, rejection of the first-filed rule has been supported by a number of courts in this circuit. See Haverfield, supra at 875 (where federal complaint was filed **five months before the state court action**) (emphasis added); Western Heritage Ins. Co. v. Sunset Security, Inc., 63 Fed.Appx 965, 967 (8th Cir. 2003) (where federal court dismissed insurer's declaratory judgment action because bad faith case asserting the same issues was filed in state court despite the fact that **declaratory judgment action was filed over one month before bad faith action**) (emphasis added); American Economy Ins. Co. v. Doty, 2007 WL 1655737, 1 (W.D. Mo. 2007) (where Hon. Richard Dorr dismissed a declaratory judgment action even though federal action was **filed three months prior to state court action**) (emphasis added); Cincinnati Ins. Co., et al. v. R&L Siding, Inc., et al., Case No. 01-4091-CV-C-5 (W.D. Mo. 2002) (where the **Hon. Nanette K. Laughrey** dismissed a declaratory judgment action filed by the insurer in favor of a pending state court garnishment proceeding, stating that "[w]hile it is true that Walker **waited approximately one year after CIC filed its Declaratory Judgment Action before filing his state court action**, the Court does not believe that the timing of CIC's action with Walker's action is of significant import in this case.") (emphasis added); Deerbrook Ins. Co. v. Bettie Rusher, et al., 2003 WL 21230390 (W.D. Mo. 2003) (where the Hon. Richard Dorr granted defendant's motion to dismiss an insurer's declaratory judgment action filed before a parallel state court garnishment proceeding, stating that "…**the fact that the instant action was filed**

10

**prior to Rusher's equitable garnishment action is of no importance**.") (emphasis added); Sentinel Ins. Co. v. Haines, 2009 WL 702003 (W.D. Mo. 2009) (where this Court said who filed first was immaterial and "by declining to hear this action in favor of the state court proceeding, the Court is promoting judicial economy and efficiency by avoiding duplicative discovery and trials."); and American Family Mut. Ins. Co. v. McAlister et al., 2010 WL 481293 (W.D. Mo. 2010) (**stating who filed first was of "no consequence"**).  (See these cases attached at Plaintiff's Ex. B.)

It is abundantly clear from cases and orders in the 8th Circuit, as well as other federal districts, that the first filed rule is rejected as to concurrent state and federal actions which are parallel (identical) in nature.  Who filed first is of no real consequence based on these holdings cited herein.

## CONCLUSION

This is a state court matter.  No federal question is involved.  The Safe Auto coverage analysis issue is better left for the state court to decide as insurance contracts and defenses thereto are to be interpreted under Missouri law, not federal law.  This also prevents the potential for inconsistent decisions.  Safe Auto will not suffer any prejudice by litigating these issue in the state court action pending in the Circuit Court of Johnson County, Missouri.  The issue and parties are exactly the same and no question of federal law is involved. As such, the abstention doctrine is to be observed.  Defendants' Joint Motion to Dismiss this action should be granted for all of these reasons.

**WHEREFORE**, Defendants Mueller and Escabusa jointly move for this Court's Order dismissing Safe Auto's Complaint for Declaratory Judgment and for such further relief as the Court deems just, fair and proper including an award of all costs and fees.

/s/ *Andrew J. Gelbach*
ANDREW J. GELBACH     #26003
Professional Corporation
Attorney at Law
109 E. Market Street
Post Office Box 375
Warrensburg, MO  64093
Telephone:  (660) 747-5138
FAX:  (660) 747-8198
agelbach@gelbachlaw.com

ATTORNEY FOR DEFENDANT
BRYAN ESCABUSA


/s/ *Wm. Dirk Vandever*
Wm. Dirk Vandever     #24463
The Popham Law Firm
712 Broadway, Suite 100
Kansas City, MO 64105
Telephone: (816) 221-2288
Facsimile: (816) 221-3999
Email: dvandever@pophamlaw.com

ATTORNEY FOR DEFENDANT
JAMES MUELLER


CERTIFICATE OF SERVICE

I, hereby certify that on this 28th day of December 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing and am emailing same to the following:

Bradley Hansmann
bhansmann@bjpc.com
Attorney for Safe Auto

/s/ *Andrew J. Gelbach*
ANDREW J. GELBACH